IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE R. GOCHIN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-3348 |
| | : | |
| ANDREW MARKOWITZ, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

SÁNCHEZ, C.J.                                                                                                                AUGUST 9, 2018

*Pro se* Plaintiff Diane R. Gochin has filed this civil action against Andrew Markowitz, EMC Mortgage/JP Morgan Chase Bank, Bayview Loan Servicing LLC, LSF9 Master Participation Trust, and Judge Thomas Branca, raising claims related to ejectment proceedings that are pending in the Court of Common Pleas for Montgomery County. She has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Gochin leave to proceed *in forma pauperis* and dismiss her Complaint.

**I.    FACTS**

In 2006, Gochin entered into a mortgage contract with EMC Mortgage/JP Morgan Chase Bank. (Compl. at 10, 13.)[1] In November of 2007, she was instructed to "stop making existing mortgage payments to qualify for a loan modification." (*Id.* at 10.) According to Gochin, EMC Mortgage told her that "she had to be in default for at least two months to qualify for a modification." (*Id.* at 16.) Gochin "stopped paying as instructed and was put into a six month forbearance plan on or about January 2008, being led to believe that she was then automatically to receive a modification." (*Id.* at 17.) The process "then was dragged out for approximately

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

1

another six months where Defendant JP Morgan Chase/EMC would not accept payments." (*Id.*) Gochin suggests that the loan modification was not implemented "as promised" and that the process was completed in February of 2009. (*Id.* at 8, 10.) At some point, the mortgage was reassigned to Bayview Loan Servicing LLC.

On May 24, 2012, Gochin "received a letter from Defendant Markowitz stating their client, 'EMC Mortgage,' had referred her loan to them for foreclosure and that the process had begun." (*Id.* at 20.) In 2013, JP Morgan Chase and Bayview Loan Servicing LLC filed a foreclosure action against Gochin and her ex-husband in the Court of Common Pleas for Montgomery County. *JPMorgan Chase Bank Nat'l Ass'n v. Rosetsky*, Docket No. 2013-21495 (Montgomery Cty. Common Pleas). Gochin alleges that during these proceedings, she tried to file a counterclaim in recoupment/setoff "based on a deceptive mortgage modification." (Compl. at 8.) Her counterclaim would have rejoined "the Defendants JP Morgan Chase/EMC, after Defendant Markowitz tried to circumvent liability by substituting them with Defendant Bayview." (*Id.* at 12.) Gochin argues that this proposed counterclaim "was compulsory as the modification supplants the original 2006 [m]ortgage." (*Id.* at 13.) Judge Branca agreed with JP Morgan Chase and Bayview, however, that the counterclaim was not related to the foreclosure. (*Id.* at 9, 13.) Gochin asserts that without the counterclaim, the Court of Common Pleas had no jurisdiction over the foreclosure proceedings. (*Id.* at 12.)

Ultimately, Gochin's home was sold at a sheriff's sale on May 31, 2017. (*Id.* at 9.) According to the docket, the home was sold to the LSF9 Master Participation Trust. *See JPMorgan Chase Bank Nat'l Ass'n v Rosetsky*, Docket No. 2013-21495 (Montgomery Cty. Common Pleas). In February of 2018, the LSF9 Master Participation Trust filed a complaint in ejectment against Gochin and her ex-husband. *See LSF9 Master Participation Trust v. Rosetsky*,

2

Docket No. 2018-03369 (Montgomery Cty. Common Pleas). Those proceedings are still ongoing. *Id.*

Here, Gochin raises claims against the Defendants pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Truth in Lending Act ("TILA"). (Compl. at 3.)[2] Although Gochin has used a form entitled "Complaint and Request for Injunction" for her Complaint, she does not appear to seek injunctive relief. Rather, she "requests that the Defendants be assessed damages for the foregoing actions against her and her property." (*Id.* at 22.)

## II. STANDARD OF REVIEW

The Court will grant Gochin leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Gochin is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] Gochin also vaguely mentions violations of the Pennsylvania Rules of Civil Procedure, "various provisions of the United Commercial Code as ratified by the Commonwealth of Pennsylvania," and provisions of a Department of Justice stipulation against EMC. (Compl. at 8.) She fails to explain, and the Court does not discern, how the Defendants violated these various provisions or what cause of action they provide for a plaintiff seeking relief.

3

## III. DISCUSSION

### A. Claims Under 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "'A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'" *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (per curiam) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)). Rather, a plaintiff must allege in specific "terms the approximate time when the agreement was made, the specific parties to the agreement (i.e., which judges), the period of the conspiracy, or the object of the conspiracy." *Great W. Mining & Mineral Co.*, 615 F.3d at 179.

Here, Gochin's allegations do not support a plausible conspiracy. She bases her claims on general allegations and, perhaps, assumptions that her losses in state court stemmed from something nefarious. However, "merely . . . being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). As Gochin's Complaint does not provide facts supporting a vast, plausible conspiracy among the Defendants, her conspiracy claims fail.

4

In any event, Gochin may not proceed on her § 1983 claims against Judge Branca because they are barred by absolute judicial immunity. Gochin has named Judge Branca as a Defendant in this case based on the manner in which he presided over the foreclosure litigation in state court. However, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Accordingly, the Court must dismiss Gochin's claims against Judge Branca as legally baseless because those claims are based on acts taken in his judicial capacity in presiding over the foreclosure matter.

Given the absence of factual allegations supporting the existence of a conspiracy, there is also no basis for concluding that the remaining Defendants could be considered state actors who would be subject to liability under § 1983. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) ("[W]e have explained that the principal question at stake [in determining whether a private actor can be considered to have acted under color of state law] is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (quotations and alteration omitted)); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Accordingly, the Court must also dismiss Gochin's § 1983 claims against them.

### B. Claims Under 42 U.S.C. § 1985

Gochin vaguely asserts that the Defendants' actions have violated 42 U.S.C. § 1985. (Compl. at 3.) "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive,

5

directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct").[3] While Gochin suggests that the Defendants conspired against her, she fails to mention the type of race- or class-based discrimination that is required to state a claim under § 1985(3). Therefore, the Court will dismiss this claim as well.

## C. TILA Claims

The TILA "requires lenders to make certain disclosures to borrowers and gives borrowers a civil cause of action against creditors who violate these disclosures." *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 500 (3d Cir. 1998). Claims under the TILA must be brought within one (1) to three (3) years of the alleged violation. *See* 15 U.S.C. § 1640(e).

Here, Gochin's Complaint suggests that she closed on the mortgage in 2006 and that the modification proceedings were finalized in 2009. Moreover, while not clear, it appears that all of the allegedly deceptive behavior about which Gochin is complaining occurred prior to 2013, when foreclosure proceedings were initiated against her. Accordingly, the face of the Complaint suggests that Gochin's TILA Claims may be time-barred, as she presumably became aware of the behavior about which she complains when foreclosure proceedings began and by the time she filed her proposed counterclaim.

---

[3] Section 1985(1) and 1985(2) have no applicability here, as nothing in the Complaint suggests that Gochin was either an officer who was prevented from performing her duties or was deterred from attending a court proceeding to testify therein.

6

The statute of limitations for TILA claims, however, "is not jurisdictional and is therefore subject to equitable tolling." *Ramadan*, 156 F.3d at 505. Nothing in Gochin's Complaint, as pled, plausibly suggests that the statute of limitations should be tolled for a sufficient period of time that would render her TILA claims timely filed due to any fraudulent concealment by the Defendants. *See Williams v. EMC Mortg. Corp.*, No. 12-1215, 2013 WL 1874952, at *4 (E.D. Pa. May 3, 2013) (noting that "equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights); or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum"). While Gochin's TILA claims are subject to dismissal at this time, in an abundance of caution, she will be given leave to amend in the event that she can assert plausible allegations of fraudulent concealment that would serve to toll the limitations period.[4] *See Gunn v. First Am. Fin. Corp.*, 549 F. App'x 79, 82 (3d Cir. 2013) (per curiam) (vacating dismissal of *pro se* plaintiff's TILA claims to allow him to amend to include fraudulent concealment allegations).

### D. State Law Claims

If Gochin is attempting to assert state law tort claims against the Defendants, it does not appear that the Court has diversity jurisdiction over such claims. Under 28 U.S.C. § 1332, a district court can exercise subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

---

[4] Allegations of fraudulent concealment must satisfy the requirements set forth in Rule 9(b) of the Federal Rules of Civil Procedure. Therefore, Gochin must plead these allegations with particularity. *Byrnes v. DeBolt Transfer, Inc.*, 741 F.2d 620, 626 (3d Cir. 1984); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Accordingly, Gochin "must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

7

. . . citizens of different States." *Id.* Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, the Complaint suggests that Markowitz is a resident of Pennsylvania, as is Gochin herself. (Compl. at 3.) Given this, the Complaint fails to establish the complete diversity required to exercise jurisdiction under § 1332(a).

While Gochin would understandably be upset about the situation she describes, the Court cannot discern any plausible claims for relief against any of the Defendants at this time. In deference to Gochin's *pro se* status, the Court will give her leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order in the event that she can state a plausible and timely claim for relief. Any amended complaint shall be a complete document that identifies all of the defendants in the caption in addition to the body, and shall describe in detail the basis for Gochin's claims against each defendant. If Gochin fails to file an amended complaint, her case may be dismissed without prejudice for failure to prosecute without further notice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Gochin leave to proceed *in forma pauperis* and dismiss her Complaint. This dismissal will be without prejudice to Gochin's right to file an amended complaint within thirty (30) days in the event that she can cure the defects

noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
JUAN R. SANCHEZ, C.J.