# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE R. GOCHIN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-3348 |
| | : | |
| ANDREW MARKOWITZ, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

SÁNCHEZ, C.J.                                                                         SEPTEMBER 13 , 2018

      On August 1, 2018, p*ro se* Plaintiff Diane R. Gochin filed this civil action against Andrew Markowitz, EMC Mortgage/JP Morgan Chase Bank, Bayview Loan Servicing LLC, LSF9 Master Participation Trust, and Judge Thomas Branca, raising claims related to ejectment proceedings that are pending in the Court of Common Pleas for Montgomery County. (ECF No. 2.) She also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.)

      By Memorandum and Order entered on August 13, 2018, the Court granted Gochin leave to proceed *in forma pauperis* and dismissed her Complaint. (ECF Nos. 4, 5.) Specifically, the Court concluded that Gochin had not stated a plausible civil conspiracy claim pursuant to 42 U.S.C. § 1983 and that her claims against Judge Branca were barred by absolute judicial immunity. (ECF No. 4 at 4-5.) The Court also noted that Gochin failed to allege a meritorious claim under 42 U.S.C. § 1985 and that her claims brought pursuant to the Truth in Lending Act ("TILA") appeared to be time-barred. (*Id.* at 5-7.) Finally, the Court noted that it did not appear that diversity jurisdiction existed for any state law tort claims that Gochin may be raising. (*Id.* at 7-8.) The Court granted Gochin leave to amend "in the event that she [could] state a plausible and timely claim for relief." (ECF No. 5 at 1.)

The Court received Gochin's Amended Complaint on September 10, 2018. For the following reasons, the Court will dismiss the Amended Complaint and provide Gochin one final opportunity to amend.

## I.  FACTS

As noted previously, Gochin entered into a mortgage contract with EMC in 2006. (ECF No. 4 at 1.)  In November of 2007, she contacted EMC and "was lured with a principal reduction and lower interest rate, but was told that she had to be in default by at least two months to qualify for a modification, and to stop paying the loan." (Am. Compl. at 9.)[1]  Gochin was never told that "this would lead to a forbearance or Temporary Payment Plan (TPP)." (*Id.*)  Gochin "was not informed that the default would [affect] her credit rating, or that the forbearance (TPP) payments would not be applied to the loan and she would be assessed fees and penalties." (*Id.*)  She "stopped paying as instructed on or about January 2008." (*Id.*)  Gochin "met the terms of the TPP from March to June 2008 . . . and was then met with one obstacle after another to get the actual modification." (*Id.* at 10.)

Gochin claims that she was not provided with preliminary disclosures as to the "true cost of the loan." (*Id.*)  According to her, she was assigned "to a high risk category with a current market relatively high interest rate (5.375%) and the predatory term of 40 years and the principle was increased by approximately $36,000 for charges never verified." (*Id.* at 10-11.)  Gochin claims that after the modification took effect, she was actually "paying approximately $400 a month more . . . than her original mortgage." (*Id.* at 10)  The terms of the loan from EMC "were [o]ver 50% of her monthly income, with less than a 10% reduction in the payment under the

---

[1] The Court uses the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

debt-to-income standards." (*Id.* at 12.) Gochin "struggled to pay for two more years." (*Id.*) She defaulted in 2010. (*Id.*)

In 2012, Gochin received a "debt collection notice" from Markowitz, in which he stated that he represented EMC. (*Id.* at 9.) Public records show that in 2013, JP Morgan Chase and Bayview Loan Servicing LLC filed a foreclosure action against Gochin and her ex-husband in the Court of Common Pleas for Montgomery County. *JPMorgan Chase Bank Nat'l Ass'n v. Rosetsky*, Docket No. 2013-21495 (Montgomery Cty. Common Pleas). Gochin alleges that during these proceedings, Markowitz acted "in conspiracy" with Judge Branca, who presided over the foreclosure case, based upon "the abundance of decisions by Branca that are repugnant to the common law and statutes of Pennsylvania and the United States." (Am. Compl. at 14.) During these proceedings, Gochin "filed a Counterclaim twice, which was left pending on the docket for approximately one year." (*Id.*) Gochin argues that this proposed counterclaim was compulsory. (*Id.* at 17.) However, Judge Branca determined "that the modification to [Gochin's] mortgage had nothing to do with the default and foreclosure." (*Id.* at 15.) During this time, Markowitz substituted Bayview for JP Morgan Chase, and Gochin "began receiving billings from MT Bank . . . and then Caliber Home Loans, aka LSF9 Master Trust." (*Id.* at 16.) Gochin also contends that Judge Branca ignored "[a] barrage of blatantly false statements and documents [that] were submitted to accepted by" him. (*Id.* at 17.)

Ultimately, Gochin's home was sold to the LSF9 Master Participation Trust at a sheriff's sale on May 31, 2017. (*Id.* at 22.) In February of 2018, the LSF9 Master Participation Trust filed a complaint in ejectment against Gochin and her ex-husband. *See LSF9 Master Participation Trust v. Rosetsky*, Docket No. 2018-03369 (Montgomery Cty. Common Pleas). Those proceedings are still ongoing. *Id.*

In the Amended Complaint, Gochin raises the following claims: (1) violation of the Home Ownership Equity Protection Act ("HOEPA") by EMC and JP Morgan Chase; (2) violation of the TILA and the Real Estate Settlement Procedures Act ("RESPA") by EMC, JP Morgan Chase, Bayview, and Caliber aka LSF9 Master Participation Trust; (3) violations of the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA") by EMC, JP Morgan Chase, Bayview, Caliber, and Markowitz;[2] (4) violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law by EMC, JP Morgan Chase, Markowitz, Bayview, and Caliber; (5) civil conspiracy pursuant to 42 U.S.C. § 1983 against Markowitz and Judge Branca; and (6) breach of fiduciary duty and unjust enrichment against all Defendants. (Am. Compl. at 23-30.) As part of her claims pursuant to HOEPA, TILA, and RESPA, Gochin states that her Amended Complaint is to be construed "as formal and public notice of [her] Notice of Rescission of the mortgage and note." (*Id.* at 23, 25.)

As relief, Gochin seeks a declaratory judgment that her constitutional rights were violated by Judge Branca. (*Id.* at 30.) She also requests "injunctive relief by way of the voiding of the Sheriff sales as unlawful and founded in fraud, and that the subject home/property be awarded in quiet title to [her]." (*Id.* at 31.) She also requests that her note and mortgage be rescinded. (*Id.*) Gochin also requests "liquidated damages in an amount not yet quantified" and "an award of three times the amount of actual damages sustained." (*Id.*) Finally, she seeks for the foreclosure to "be deemed and declared illegal and void and that further proceedings of Ejectment be stayed and voided." (*Id.*)

---

[2] In her Amended Complaint, Gochin initially refers to the "Fair Credit Reporting and Debt Collections Act," but then goes on to refer to the Fair Credit Reporting Act. (Am. Compl. at 25-26.) In an abundance of caution, the Court has construed Gochin's first reference to be a reference to both the FCRA and the FDCPA and considers her claims under both.

## II. STANDARD OF REVIEW

As noted above, the Court previously granted Gochin leave to proceed *in forma pauperis*. Accordingly, under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is required to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* The Court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). As Gochin is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Seeking Review and/or Stay of State Proceedings

As relief, Gochin seeks for the foreclosure to "be deemed and declared illegal and void and that further proceedings of Ejectment be stayed and voided." (Am. Compl. at 31.) To the extent that Gochin is seeking review of rulings entered by the state court in the now-concluded foreclosure proceedings, this Court lacks jurisdiction to do so. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal

district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Therefore, this Court lacks jurisdiction over any claims seeking to void the foreclosure proceedings.

As noted above, ejectment proceedings against Gochin are still pending in the Court of Common Pleas for Montgomery County. To the extent Gochin seeks for those proceedings to be stayed and voided, the Court cannot provide such relief, as it may not intervene in her state civil proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Duran v. Weeks*, 399 F. App'x 756, 758–59 (3d Cir. 2010) (per curiam) ("Since Duran's section 1983 action seeking to enjoin his criminal prosecution presents the classic case for *Younger* abstention, the District Court's dismissal of Duran's complaint on that basis was clearly appropriate."); *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003) (noting that "*Younger* has been applied to civil enforcement proceedings and other civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."); *Scott v. Mortg. Elec. Registration Sys., Inc.*, No. Civ. A. 04-3951, 2004 WL 1925008, at *3-4 (Aug. 27, 2004) (citing *Prindable v. Ass'n of Apt. Owners of 2987 Kalakaua*, 304 F. Supp. 2d 1245, 1262 (D. Haw. 2003)) (concluding that *Younger* applies to pending state court ejectment proceedings).

### B. HOEPA and TILA Claims

The TILA "requires lenders to make certain disclosures to borrowers and gives borrowers a civil cause of action against creditors who violate these disclosures." *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 500 (3d Cir. 1998). The HOEPA amended the TILA and therefore is "governed by the same remedial scheme and statute of limitations." *Harris v. EMC*

*Mortg. Corp.*, No. 01-4868, 2002 WL 32348324, at *2 (E.D. Pa. Apr. 10, 2002). Claims under the TILA must be brought within one (1) to three (3) years of the alleged violation. *See* 15 U.S.C. § 1640(e).

In its August 13, 2018 Memorandum dismissing Gochin's initial Complaint, the Court noted that the face of the Complaint suggested that Gochin's TILA claims may be time-barred. (ECF No. 4 at 6-7.) However, because the statute of limitations for TILA claims is subject to equitable tolling, the Court gave Gochin leave to amend in the "event that she [could] assert plausible allegations of fraudulent concealment that would serve to toll the limitations period." (*Id.* at 7.)

As in the initial Complaint, Gochin's Amended Complaint states that she closed on the mortgage in 2006 and suggests that the modification proceedings were finalized in 2009. Moreover, it appears that all of the allegedly deceptive behavior about which Gochin is complaining occurred prior to 2013, when foreclosure proceedings were initiated against her. Gochin does not assert any allegations of fraudulent concealment. Instead, she asserts that her TILA claims are timely pursuant to 15 U.S.C. § 1640(e), which states in pertinent part:

> Except as provided in the subsequent sentence, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . . Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought . . . before the end of the 3-year period beginning on the date of the occurrence of the violation. *This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.*

15 U.S.C. § 1640(e) (emphasis added). Gochin relies on the italicized language to argue that her TILA (and, by extension, HOEPA claims) are timely. As discussed below, this argument lacks merit.

This Court has noted "[r]ecoupment . . . is a defense to an independent cause of action, *not* a freestanding affirmative claim for relief." *Roche v. Sparke City Realty*, No. 08-2518, 2009 WL 1674417, at *2 (E.D. Pa. June 12, 2009). "Indeed, TILA itself explains that recoupment may be asserted after the limitations period only when used as a defense to a debt collection action." *Id.* (citing 15 U.S.C. § 1640(e)). Even though Gochin may argue that her claim is a defense to the foreclosure action, "[t]his argument is spurious because [she] filed the instant suit . . . after the completion of the Pennsylvania foreclosure proceeding." *Id.* at *3. Given this, the Court will reject any attempt by Gochin to characterize her TILA claims for damages as a recoupment defense to a concluded foreclosure action. *See id.*; *see also Rocco v. JP Morgan Chase Bank*, 255 F. App'x 638, 642 (3d Cir. 2007); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 189 (S.D. Tex. 2007); *Van Pier v. Long Island Sav. Bank, F.S.B.*, 20 F. Supp. 2d 535, 536 (S.D.N.Y. 1998) ("[P]laintiff argues that his TILA claim constitutes assertion of a defense of recoupment to the foreclosure sale initiated by defendants, and therefore is not within the one-year limitations period. Under the plain language of the statute, however, this argument is unavailing, because here plaintiff asserts his TILA claim affirmatively, in an action for damages that he himself commenced, and not as a defense 'in an action to collect the debt.'"). Thus, because Gochin did not file this action until August of 2018, her TILA and HOEPA claims for damages are time-barred.

Gochin now asserts that her Amended Complaint "is to be construed . . . as formal and public notice of [her] Notice of Rescission of the mortgage and note." (Am. Compl. at 23; *see id.* at 25.) However, "[a]n obligor's right of rescission . . . expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). The Supreme Court has held that "§ 1635(f) completely extinguishes the right

of rescission at the end of the 3-year period." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). "Consummation means the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(13). State law governs when a contractual obligation is created, 12 C.F.R. Pt. 226 Supp. 1, and in Pennsylvania, the mortgage is "consummated when the proceeds of the loan are issued to the borrower and the note and mortgage documents are fully executed and delivered, which would occur at the closing of the loan." *Velardi v. Countrywide Bank, FSB*, No. 3:16-1120, 2017 WL 1709411, at *5 (M.D. Pa. May 3, 2017) (citing *Baribault v. Peoples Bank of Oxford*, 714 A.2d 1040, 1043 (Pa. Super. Ct. 1998)). As noted above, Gochin's Amended Complaint alleges that she closed on the mortgage in 2006 and that the modification proceedings were finalized in 2009.[3] She did not file this lawsuit, however, until August of 2018. Thus, her rescission claim is also time-barred and subject to dismissal.

C. **RESPA Claims**

Gochin next asserts that EMC, JP Morgan Chase, Bayview, and Caliber aka LSF9 Master Participation Trust violated RESPA by failing to provide certain preliminary disclosures. (Am. Compl. at 24-25.) Claims under RESPA must be brought within one (1) to three (3) years of the alleged violation. *See* 12 U.S.C. § 2614. The limitations period begins to run "from the date of the occurrence of the violation," *id.*, which "begins at the closing of the loan," *Cunningham v. M&T Bank Corp.*, 814 F.3d 156, 160 (3d Cir. 2016). The United States Court of Appeals for the Third Circuit has held that the statute of limitations is not jurisdictional and therefore can be equitably tolled. *In re Cmty. Bank of N. Va. Mortgage Lending Practices Litig.*, 795 F.3d 380,

---

[3] In any event, TILA's statutory language suggests that a loan modification does not require any additional material disclosures to be made by the creditors. *See* 15 U.S.C. § 1635(e)(2) ("This section does not apply to . . . a transaction which constitutes a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same creditor secured by an interest in the same property[.]")

400 n.20 (3d Cir. 2015). However, as discussed above, Gochin fails to plead any allegations of fraudulent concealment that would possibly entitle her to equitable tolling of the statute of limitations. *See Cunningham*, 814 F.3d at 161-64 (affirming district court's grant of summary judgment because plaintiffs did not demonstrate that they were entitled to equitable tolling based upon fraudulent concealment). Accordingly, Gochin's RESPA claims are also time-barred and subject to dismissal.

### D. FCRA and FDCPA Claims

Next, Gochin claims that EMC, JP Morgan Chase, Bayview, Caliber, and Markowitz violated her rights under the FCRA and FDCPA. Gochin vaguely mentions that in 2012, she received a "debt collection notice" from Markowitz. (Am. Compl. at 9.) She also states that the Defendants named above "reported negative information" to the credit reporting agencies. (*Id.* at 25.)

As an initial matter, Gochin has not alleged sufficient facts to state a plausible claim for relief under the FDCPA at this time. *See Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (noting that to state such a claim, a plaintiff must allege that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant attempted to collect a "debt" as defined by the FDCPA, and (4) the defendant violated a provision of the FDCPA in attempting to collect the debt). However, giving Gochin leave to amend her FDCPA claim would be futile, as such claims are subject to a statute of limitations of one year. 15 U.S.C. § 1692k(d). Thus, if Gochin is attempting to allege that the letter she received from Markowitz in 2012 violated the FDCPA in some way, her claim is untimely by a few years. Moreover, if Gochin is claiming that the Defendants improperly pursued foreclosure litigation to collect a debt, the one-year statute of limitations accrues, at the latest, when Gochin was served with process. *Walker v. Phelan*

*Hallinan Diamond & Jones*, 269 F. Supp. 3d 618, 621 (E.D. Pa. 2017). The state court docket reflects that Gochin was served with the foreclosure proceedings on July 18, 2013. *See JPMorgan Chase Bank Nat'l Ass'n v. Rosetsky*, Docket No. 2013-21495 (Montgomery Cty. Common Pleas). Thus, any FDCPA claims based upon improper litigation are also untimely. Accordingly, Gochin's FDCPA claims will be dismissed.

To state a claim for noncompliance of the FCRA under 15 U.S.C. § 1681s-2(b), Gochin must allege that "[s]he filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016). Moreover, to state a claim for negligent noncompliance pursuant to 15 U.S.C. § 1681o, Gochin must allege that "(1) inaccurate information was included in [her] credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) [she] suffered injury; and (4) [her] injury was caused by the inclusion of the inaccurate entry." *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996). To go further and allege willful noncompliance pursuant to 15 U.S.C. § 1681n(a), the "complaint must allege facts that support the inference that the defendant acted in knowing or reckless disregard of the FCRA's requirements." *Hutchinson v. Carco Group, Inc.*, No. 15-1570, 2015 WL 5698283, at *3 (E.D. Pa. Sept. 29, 2015). An action under the FCRA must be brought "not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

The Amended Complaint is devoid of any facts that set forth plausible claims for relief under these provisions of the FCRA. Simply stating that the Defendants reported negative information is not enough. Moreover, nothing in the Amended Complaint indicates when the alleged violation occurred or when Gochin discovered the alleged violation. Thus, Gochin's FCRA claim is subject to dismissal at this time. However, in light of Gochin's *pro se* status, the Court will provide leave for her to file a second amended complaint in the event that she can state a plausible and timely claim for relief under the FCRA.

E. **Civil Conspiracy Claim Under 42 U.S.C. § 1983**

Gochin also claims that Markowitz and Judge Branca violated her rights under 42 U.S.C. § 1983 by entering into a civil conspiracy. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co.*, 615 F.3d at 178. "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "'A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'" *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (per curiam) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)). Rather, a plaintiff must allege in specific "terms the approximate time when the agreement was made, the specific parties to the agreement (i.e., which judges), the period of the conspiracy, or the object of the conspiracy." *Great W. Mining & Mineral Co.*, 615 F.3d at 179.

Once again, Gochin's allegations do not support a plausible conspiracy. She bases her conspiracy claim on her assumptions that her losses in state court stemmed from something nefarious. However, "merely . . . being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). As Gochin's Amended Complaint still does not provide facts supporting a vast, plausible conspiracy between Markowitz and Judge Branca, her conspiracy claims fail.

In any event, Gochin's § 1983 claims against Judge Branca are still barred by absolute judicial immunity. Gochin has named Judge Branca as a Defendant in this case based on the manner in which he presided over the foreclosure litigation in state court. As the Court previously informed Gochin, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Thus, the Court must dismiss Gochin's claims against Judge Branca as legally baseless because those claims are based on acts taken in his judicial capacity in presiding over the foreclosure matter.

Given the absence of factual allegations supporting the existence of a conspiracy, there is also no basis for concluding that Markowitz could be considered to be a state actor who would be subject to liability under § 1983. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) ("[W]e have explained that the principal question at stake [in determining whether a private actor can be considered to have acted under color of state law] is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (quotations and alteration omitted)); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be

considered state actors solely on the basis of their position as officers of the court."). Accordingly, the Court must also dismiss Gochin's § 1983 claims against him.

F. **State Law Claims**

As noted above, Gochin has asserted claims for breach of fiduciary duty and unjust enrichment, as well as violations of Pennsylvania's Unfair Trade Practices and Consumer Protect Law. However, because the Court is dismissing all of Gochin's federal claims, the Court declines to exercise supplemental jurisdiction over these claims at this time. *See* 28 U.S.C. § 1367(c)(3) (stating that "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (noting that "[w]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."). Here, there is no reason to retain jurisdiction over Gochin's state law claims at this time. Accordingly, they will be dismissed without prejudice to her right to raise them in state court, or her right to reassert them should she file a second amended complaint with respect to her FCRA claim.

IV. **CONCLUSION**

For the foregoing reasons, the Court will dismiss Gochin's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to Gochin's right to file a second amended complaint within thirty (30) days in the

event that she can set forth a plausible and timely FCRA claim.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).   If Gochin chooses to file a second amended complaint, she may reassert her state law claims as well.  An appropriate Order follows.

**BY THE COURT:**

/s/ Juan R. Sánchez
**JUAN R. SÁNCHEZ, C.J.**