# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE R. GOCHIN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-3348 |
| | : | |
| ANDREW MARKOWITZ, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SÁNCHEZ, C.J.**                                                                                                                                           **OCTOBER 16, 2018**

On August 1, 2018, p*ro se* Plaintiff Diane R. Gochin filed this civil action against Andrew Markowitz, EMC Mortgage/JP Morgan Chase Bank, Bayview Loan Servicing LLC, LSF9 Master Participation Trust, and Judge Thomas Branca, raising claims related to ejectment proceedings that are pending in the Court of Common Pleas for Montgomery County. (ECF No. 2.) She also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.)

By Memorandum and Order entered on August 13, 2018, the Court granted Gochin leave to proceed *in forma pauperis* and dismissed her Complaint. (ECF Nos. 4, 5.) Specifically, the Court concluded that Gochin had not stated a plausible civil conspiracy claim pursuant to 42 U.S.C. § 1983 and that her claims against Judge Branca were barred by absolute judicial immunity. (ECF No. 4 at 4-5.) The Court also noted that Gochin failed to allege a meritorious claim under 42 U.S.C. § 1985 and that her claims brought pursuant to the Truth in Lending Act ("TILA") appeared to be time-barred. (*Id.* at 5-7.) Finally, the Court noted that it did not appear that diversity jurisdiction existed for any state law tort claims that Gochin may be raising. (*Id.* at 7-8.) The Court granted Gochin leave to amend "in the event that she [could] state a plausible and timely claim for relief." (ECF No. 5 at 1.)

The Court received Gochin's Amended Complaint on September 10, 2018. By Memorandum and Order entered on September 13, 2018, the Court dismissed the Amended Complaint. (ECF Nos. 10, 11.) Specifically, the Court concluded that: (1) it lacked jurisdiction over any claims seeking to void the foreclosure proceedings pursuant to the *Rooker-Feldman* doctrine; (2) the Court could not intervene in pending ejectment proceedings; (3) Gochin's TILA, Home Ownership Equity Protection Act ("HOEPA"), and Real Estate Settlement Procedures Act ("RESPA") claims were time-barred; (3) any claims raised under the Fair Debt Collection Practices Act ("FDCPA") were timely; (4) Gochin had failed to state a claim for relief under the Fair Credit Reporting Act ("FCRA"); (5) Gochin had again not stated a plausible civil conspiracy claim pursuant to 42 U.S.C. § 1983; (6) her claims against Judge Branca were barred by absolute judicial immunity; and (7) there was no reason to retain jurisdiction over Gochin's state law claims at that time. (ECF No. 10 at 5-14.) All of Gochin's claims with the exception of her FCRA and state law claims were dismissed with prejudice. (ECF No. 11 at 1.) The Court gave Gochin leave to file a second amended complaint in the event she could state a plausible and timely claim for relief under the FCRA. (*Id.*) Gochin was informed that if she filed a second amended complaint, she could reassert her state law claims at that time. (*Id.*)

On September 14, 2018, Gochin filed a Motion for Reconsideration (ECF No. 12), which the Court denied by Order entered that same day (ECF No. 13). Gochin then filed a Motion for Recusal. (ECF No. 14.) By Order entered on September 17, 2018, the Court denied the Motion for Recusal. (ECF No. 15.) That same day, Gochin filed a second Motion for Reconsideration (ECF No. 16), which the Court denied by Order entered on September 28, 2018 (ECF No. 19).

The Court received Gochin's Second Amended Complaint on October 11, 2018. (ECF No. 20.) The Second Amended Complaint is substantially similar to Gochin's Amended

Complaint. Rather than limit her Second Amended Complaint to raising her FCRA and state law claims, Gochin has also reasserted her claims under TILA, HOEPA, RESPA, and the FDCPA, as well as her civil conspiracy claim pursuant to 42 U.S.C. § 1983. (*See* Second Am. Compl. at 23-31.) For the following reasons, the Court will dismiss the Second Amended Complaint.

I.  FACTS

As noted previously, Gochin entered into a mortgage contract with EMC in 2006. (ECF No. 4 at 1.) In November of 2007, she contacted EMC and "was lured with a principal reduction and lower interest rate, but was told that she had to be in default by at least two months to qualify for a modification, and to stop paying the loan." (Second Am. Compl. at 9.)[1] Gochin was never told that "this would lead to a forbearance or Temporary Payment Plan (TPP)." (*Id.* at 10.) Gochin "was not informed that the default would [affect] her credit rating, or that the forbearance (TPP) payments would not be applied to the loan and she would be assessed fees and penalties." (*Id.*) She "stopped paying as instructed on or about January 2008." (*Id.*) Gochin "met the terms of the TPP from March to June 2008 . . . and was then met with one obstacle after another to get the actual modification." (*Id.*)

Gochin claims that she was not provided with preliminary disclosures as to the "true cost of the loan." (*Id.*) According to her, she was assigned "to a high risk category with a current market relatively high interest rate (5.375%) and the predatory term of 40 years and the principle was increased by approximately $36,000 for charges never verified." (*Id.* at 11.) Gochin claims that after the modification took effect, she was actually "paying approximately $400 a month more . . . than her original mortgage." (*Id.* at 12.) The terms of the loan from EMC "were [o]ver 50% of her monthly income, with less than a 10% reduction in the payment under the debt-to-

---

[1] The Court uses the pagination assigned to the Second Amended Complaint by the CM/ECF docketing system.

income standards." (*Id.*)  Gochin "struggled to pay for two more years." (*Id.*)  She defaulted in 2010.  (*Id.*)

In 2012, Gochin received a "debt collection notice" from Markowitz, in which he stated that he represented EMC.  (*Id.* at 9.)  Public records show that in 2013, JP Morgan Chase and Bayview Loan Servicing LLC filed a foreclosure action against Gochin and her ex-husband in the Court of Common Pleas for Montgomery County.  *JPMorgan Chase Bank Nat'l Ass'n v. Rosetsky*, Docket No. 2013-21495 (Montgomery Cty. Common Pleas).  Gochin alleges that during these proceedings, Markowitz acted "in conspiracy" with Judge Branca, who presided over the foreclosure case, based upon "the abundance of decisions by Branca that are repugnant to the common law and statutes of Pennsylvania and the United States."  (Second Am. Compl. at 14.)  During these proceedings, Gochin "filed a Counterclaim twice, which was left pending on the docket for approximately one year."  (*Id.* at 15.)  Gochin argues that this proposed counterclaim was compulsory.  (*Id.* at 17.)  However, Judge Branca determined "that the modification to [Gochin's] mortgage had nothing to do with the default and foreclosure."  (*Id.* at 15.)  During this time, Markowitz substituted Bayview for JP Morgan Chase, and Gochin "began receiving billings from MT Bank . . . and then Caliber Home Loans, aka LSF9 Master Trust."  (*Id.* at 16-17.)  Gochin also contends that Judge Branca ignored "[a] barrage of blatantly false statements and documents [that] were submitted to accepted by" him.  (*Id.* at 18.)

Ultimately, Gochin's home was sold to the LSF9 Master Participation Trust at a sheriff's sale on May 31, 2017.  (*Id.* at 23.)  In February of 2018, the LSF9 Master Participation Trust filed a complaint in ejectment against Gochin and her ex-husband.  *See LSF9 Master Participation Trust v. Rosetsky*, Docket No. 2018-03369 (Montgomery Cty. Common Pleas).  Those proceedings are still ongoing.  *Id.*

In the Second Amended Complaint, Gochin reasserts her claims under the TILA, HOEPA, RESPA, FCRA, and FDCPA, as well as her civil conspiracy claim pursuant to 42 U.S.C. § 1983. (Second Am. Compl. at 23-27, 28-29.) She also reasserts her claims of violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law by EMC, JP Morgan Chase, Markowitz, Bayview, and Caliber and breach of fiduciary duty and unjust enrichment against all Defendants. (*Id.* at 27-28, 29-31.)

As relief, Gochin again seeks a declaratory judgment that her constitutional rights were violated by Judge Branca. (*Id.* at 31.) She also requests "injunctive relief by way of the voiding of the Sheriff sales as unlawful and founded in fraud, and that the subject home/property be awarded in quiet title to [her] and the deed be titled solely in her name." (*Id.*) She also requests that her note and mortgage be rescinded. (*Id.*) Gochin also requests "liquidated damages in an amount not yet quantified" and "an award of three times the amount of actual damages sustained." (*Id.* at 32.) Finally, she seeks for the foreclosure to "be deemed and declared illegal and void and that further proceedings of Ejectment be stayed and voided." (*Id.*)

## II. STANDARD OF REVIEW

As noted above, the Court previously granted Gochin leave to proceed *in forma pauperis*. Accordingly, under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is required to dismiss the Second Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

5

As Gochin is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III.     DISCUSSION

   A.     **Claims Seeking Review and/or Stay of State Proceedings, Claims Pursuant to the TILA, HOEPA, RESPA, and FDCPA, and Civil Conspiracy Claim Under 42 U.S.C. § 1983**

As noted above, Gochin reasserts her claims under the TILA, HOEPA, RESPA, and the FDCPA, as well as her civil conspiracy claim pursuant to 42 U.S.C. § 1983. As relief, she again seeks for the foreclosure to "be deemed and declared illegal and void and that further proceedings of Ejectment be stayed and voided." (Second Am. Compl. at 32.) In its September 13, 2018 Memorandum and Order, the Court dismissed Gochin's TILA, HOEPA, RESPA, FDCPA, and civil conspiracy claims with prejudice. The Court also concluded that it lacked jurisdiction, pursuant to the *Rooker-Feldman* doctrine, over any claims seeking review of rulings entered by the state court in the now-concluded foreclosure proceedings, and that the *Younger* doctrine precluded intervention in Gochin's pending ejectment proceedings. Gochin's reasserted claims again fail for the reasons set forth in the Court's September 13, 2018 Memorandum and Order. Accordingly, they will be dismissed for the reasons previously set forth by the Court.

   B.     **Gochin's Claims Under the FCRA**

Gochin again claims that EMC, JP Morgan Chase, Bayview, Caliber, and Markowitz violated her rights under the FCRA. She mentions that the Defendants "qualified as providers of information to the Credit Reporting Agencies," and that they "reported negative information to those agencies." (Second Am. Compl. at 26.)

As the Court previously informed her, to state a claim for noncompliance of the FCRA under 15 U.S.C. § 1681s-2(b), Gochin must allege that "[s]he filed a notice of dispute with a

consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016). Moreover, to state a claim for negligent noncompliance pursuant to 15 U.S.C. § 1681o, Gochin must allege that "(1) inaccurate information was included in [her] credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) [she] suffered injury; and (4) [her] injury was caused by the inclusion of the inaccurate entry." *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996). To go further and allege willful noncompliance pursuant to 15 U.S.C. § 1681n(a), the "complaint must allege facts that support the inference that the defendant acted in knowing or reckless disregard of the FCRA's requirements." *Hutchinson v. Carco Group, Inc.*, No. 15-1570, 2015 WL 5698283, at *3 (E.D. Pa. Sept. 29, 2015). An action under the FCRA must be brought "not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

Like the Amended Complaint, the Second Amended Complaint is devoid of any facts that set forth plausible claims for relief under these provisions of the FCRA. Simply stating that the Defendants reported negative information is not sufficient. Moreover, nothing in the Second Amended Complaint indicates when the alleged violations occurred or when Gochin discovered the alleged violations. Thus, Gochin's FCRA claims will be dismissed.

### C. Gochin's State Law Claims

As noted above, Gochin has asserted claims for breach of fiduciary duty and unjust enrichment, as well as violations of Pennsylvania's Unfair Trade Practices and Consumer Protect

Law.  However, because the Court is dismissing all of Gochin's federal claims, the Court declines to exercise supplemental jurisdiction over these claims at this time.  *See* 28 U.S.C. § 1367(c)(3) (stating that "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction"); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (noting that "[w]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so").  Here, there is no reason to retain jurisdiction over Gochin's state law claims at this time.  Accordingly, they will be dismissed without prejudice to her right to raise them in state court.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will dismiss Gochin's Second Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Gochin's claims under the TILA, HOEPA, RESPA, and FDCPA, her civil conspiracy claim pursuant to 42 U.S.C. § 1983, and her claims seeking review and/or stay of state court proceedings will be dismissed for the reasons set forth in the Court's September 13, 2018 Memorandum and Order.  Gochin's FCRA claims will be dismissed with prejudice.  Her state law claims will be dismissed without prejudice to her right to raise them in state court.  Gochin will not be permitted to file a third amended complaint in this matter.  An appropriate Order follows.**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**